IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00897-PAB-BNB

PETER ARNOLD,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

_____

# ORDER
_____

This matter arises on the following:

(1)   **Plaintiff Peter Arnold's Combined Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37 and Modify Discovery Cut-Off Deadline** [Doc. # 49, filed 10/26/2009] (the "Motion to Compel"); and

(2)   **Wells Fargo Bank, N.A.'s Motion for Extension of Time for Rebuttal Expert Disclosure In Scheduling Order** [Doc. # 52, filed 10/28/2009] (the "Motion for Extension").

I held a hearing on the motion on November 5, 2009, and made rulings on the record, which are incorporated here.

The plaintiff filed his Motion to Compel on October 26, 2009. Two days later, on October 28, 2009, Wells Fargo served its *Responses and Objections to Plaintiff's Revised Combined Discovery Requests* [Doc. 3 56-2] (the "*Supplemental Responses*"), providing responses that addressed several of the matters raised in the Motion to Compel. An important dispute between the parties, which was addressed and resolved by the *Supplemental Responses*,

was Wells Fargo's objection to the plaintiff's use of the defined term "Program" in its discovery requests.

This case raises the question of whether the plaintiff received from Wells Fargo a "one time close construction to permanent loan." According to Sean Martin, a former Wells Fargo employee involved in this case:

> When a one-time close loan occurs, [the lender] close[s] on the construction loan. And when the construction period is complete, then the construction loan modifies into a permanent loan without [the borrower] having to go through a complete closing requalification, that type of process.

Motion to Compel, Exh. D (hereafter "Martin Depo.") [Doc. # 49-5] at p. 30 lines 2-6.

Mr. Martin testified that Wells Fargo offered a product called the Construction/Perm Advantage Program. Id. at p. 9 lines 6-7. Other evidence offered at the hearing on the Motion to Compel verifies the existence of a program operated under that name.

In his *First Set of Discovery*, the plaintiff defined the term "Program" to mean "Wells Fargo Home Mortgage Construction/Perm Advantage Program." Motion to Compel, Exh. B (hereafter "*Plaintiff's First Set of Discovery*") [Doc. # 49-3] at p. 2. Thereafter, throughout *Plaintiff's First Set of Discovery*, he inquired about the "Program." For example, Interrogatory No. 2 requested the following information:

> Describe with particularity the Program as offered by Wells Fargo during the 2007 and 2008 time frame. Your response to this interrogatory should include, but not be limited to, the inception of the Program, the details of the loan packages offered by Wells Fargo through the Program, the criteria for qualifying a customer for participation in the Program, and whether the Program is still in effect (and if the Program is no longer in effect, state the date the Program was discontinued and provide the reason(s) for such discontinuance.

Id. at p. 2.

Wells Fargo interposed the following objection to Interrogatory No. 2, and an essentially identical objection to each discovery request in which the plaintiff utilized the defined term "Program" to mean the Wells Fargo Home Mortgage Construction/Perm Advantage Program:

> Wells Fargo objects to this interrogatory to the extent that the use of the term "the Program" is vague and as defined by plaintiff may be construed to imply terms and conditions not part of any actual loan program offered by Wells Fargo. Additionally, plaintiff's request is overbroad and not relevant to plaintiff's claims.

Motion to Compel, Exh. C (hereafter "Wells Fargo's Initial Responses") [Doc. # 49-4] at p. 2.

Wells Fargo's objection to the use of the defined term "Program" is unreasonable and in bad faith. The plaintiff's definition matched precisely the name of a loan program offered by Wells Fargo.

Despite Wells Fargo's *Supplemental Responses*, it has failed to completely respond to the *Plaintiff's First Set of Discovery* with respect to certain inquiries which seek relevant and discoverable information. With respect to Interrogatories 14 and 15, Wells Fargo's *Supplemental Responses* are evasive. Consequently, I grant the Motion to Compel as follows:

Interrogatory No. 2: Wells Fargo shall provide to the plaintiff information concerning "the inception dat of the Construction/Perm Advantage Program";

Interrogatory No. 14: Wells Fargo shall "describe with particularity what 'LoanType: Construction to Permanent' is meant to refer to" as that term is used in Exhibit A to Plaintiff's First Set of Discovery;

Interrogatory No. 15: Wells Fargo shall "describe with particularity what 'Purpose of Loan: Construction-Permanent' is meant to refer to" as that term is used in Exhibit B to

Plaintiff's First Set of Discovery;

Production Request No. 6: Wells Fargo shall produce all marketing materials utilized by it in the state of Colorado during the time period January 1, 2007, through December 31, 2008, responsive to the request; and

Production Request No. 7: Wells Fargo shall produce all documents responsive to the request or shall specify by Bates number those documents already produced or disclosed by Wells Fargo which are responsive to the request.

Wells Fargo shall provide the discovery required by this order to the plaintiff on or before November 16, 2009.

Wells Fargo's conduct in connection with the Plaintiff's First Set of Discovery has delayed progress of the case, requiring that the case schedule be modified to the following extent:

> Discovery Cut-Off: January 4, 2010
>
> (All discovery must be completed by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)
>
> Dispositive Motions Deadline: January 18, 2010

Final Pretrial Conference: The final pretrial conference set for February 2, 2010, at 10:00 a.m., is VACATED and RESET to March 18, 2010, at 8:30 a.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than March 11, 2010.

Rule 37(a)(5)(a), Fed. R. Civ. P., provides that if a motion to compel is granted, or if

disputed discovery is provided after a motion to compel directed to that discovery is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party of attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the motion to compel was filed prior to a good faith attempt to resolve the dispute without court action or the responses or objection was substantially justified.  Here, the plaintiff made a good faith attempt to resolve the matter without court involvement, and Wells Fargo's objection to the defined term "Program" was not substantially justified.  Consequently, the plaintiff is entitled to an award of his costs and attorneys fees incurred making the Motion to Compel.  The award is against both Wells Fargo and its attorneys.

On or before November 19, 2009, the plaintiff shall submit a fee application to Wells Fargo and its attorneys in the amount claimed in making the Motion to Compel.  The parties shall thereafter confer in an attempt to resolve the fee issue.  If they are not able to agree and if payment is not received by November 26, 2009, the plaintiff shall file his fee application with the court.

Finally, Wells Fargo informed me at the hearing that it no longer seeks the relief requested in the Motion for Extension.

IT IS ORDERED that the Motion to Compel [Doc. # 49] is GRANTED as stated.  Wells Fargo shall provide the discovery required by this order on or before **November 16, 2009**.

IT IS FURTHER ORDERED that the case schedule is modified to the following extent:

    Discovery Cut-Off:                            **January 4, 2010**

    (All discovery must be completed by the discovery cut-off.  All written discovery must be served so that responses are due on or

before the discovery cut-off.)

Dispositive Motions Deadline: **January 18, 2010**

Final Pretrial Conference: The final pretrial conference set for February 2, 2010, at 10:00 a.m., is VACATED and RESET to **March 18, 2010, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **March 11, 2010**.

IT IS FURTHER ORDERED that the plaintiff is awarded his costs and attorneys fees incurred in making the Motion to Compel, as specified.

IT IS FURTHER ORDERED that the Motion for Extension [Doc. # 52] is DENIED as moot.

Dated November 6, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge