IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00897-PAB-BNB

PETER ARNOLD,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

_____

**ORDER**
_____

This matter arises on **Plaintiff Peter Arnold's Motion for Determination of Attorney's Fees and Costs** [Doc. # 61, filed 11/25/2009] (the "Motion").  The Motion is GRANTED, and the plaintiff is awarded his reasonable attorney's fees and costs, in the amount of $3,435.75, incurred in bringing his motion to compel discovery [Doc. # 49, filed 10/26/2009] (the "Motion to Compel").

By an Order [Doc. # 57] entered November 6, 2009, I found that the defendant's objection to the defined term "Program" in connection with its responses to the plaintiff's discovery requests was not substantially justified, and I awarded the plaintiff his reasonable attorney's fees and costs incurred in bringing the Motion to Compel.  I ordered the parties to confer in an attempt to reach an agreement on the proper amount of the award.  They were unable to agree, unfortunately, resulting in the instant Motion.

Rule 37(a)(5)(A), Fed. R. Civ. P., provides:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including reasonable attorney's fees.

Consistent with the Order [Doc. # 57], the plaintiff submitted this Motion for my determination of the appropriate award. The Motion includes an affidavit and detailed time records in support of the plaintiff's fee application.

In Robinson v. City of Edmond, 160 F.3d 1275 (10th Cir. 1998), the circuit court reviewed the approach to be used in calculating an award of attorney's fees, stating:

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product fo a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

Id. at 1281.[1] The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances", id.; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).

In this case, the defendant makes no objection to the hourly rates of the plaintiff's counsel. I have reviewed those rates, and I find them to be below the prevailing market rate charged by lawyers of equivalent experience in the metropolitan Denver market.

---

[1] Robinson involved an attorney's fee award under 42 U.S.C. § 1988. The approach also is appropriate under Fed. R. Civ. P. 37.

The defendant objects to some of the hours charged. I generally agree with the defendant's objections. Accordingly, I have reduced the plaintiff's fee application in the following respects:

I have disallowed the time expended by plaintiff's counsel on October 2-14, 2009. I find that all of that time was expended in connection with the plaintiff's obligations under D.C.COLO.LCivR 7.1A to confer in an attempt to resolve the discovery dispute. It is only the defendant's conduct in continuing to assert an improper objection following the parties' Rule 7.1A efforts for which a fee sanction is appropriate.

I have disallowed Mr. Whitsitt's time of 12 minutes incurred on October 28, 2009, categorized as "intraoffice conference regarding Motion to Compel." The conference occurred two days after the motion to compel was filed and approximately one week before the hearing on that motion. I find that the time was in connection with normal case monitoring, which would occur whether the motion to compel was pending or not.

I have disallowed all attorney time, totaling 3 hours, expended on November 3, 2009, and categorized as "Meeting with client regarding Motion to Compel Hearing." I find that the time was incurred in connection with client relations and the lawyers' duty to keep their client informed of the status of the case. It was not necessitated by the motion to compel.

I have disallowed Mr. Whitsitt's time in traveling to and attending the hearing on the motion to compel, in the amount of $1,081.00. Mr. Whitsitt did not speak at the hearing, which was effectively and competently handled by Ms. Rowberry. I find that Mr. Whitsitt's time traveling to and attending the hearing was for purposes of training and supervision of a subordinate lawyer, but was not necessary to the case.

I disagree with the defendant's argument that the plaintiff is not entitled to be reimbursed for his counsel's mileage and meal expenses incurred in travel between Carbondale to Denver to attend the hearing. The plaintiff reasonably retained Carbondale counsel. The plaintiff resides in the Carbondale area, and many of the facts underlying this action occurred in or are related to matters concerning the Carbondale area.

IT IS ORDERED the Motion is GRANTED, and the plaintiff is awarded his reasonable attorney's fees and costs incurred in bringing the Motion to Compel in the amount of $3,435.75. The award is made jointly and severally against the defendant and its counsel.

IT IS FURTHER ORDERED that the defendant and/or its counsel shall satisfy this award on or before **January 18, 2010**.

Dated January 11, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge