IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00897-PAB-BNB

PETER ARNOLD,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

---

# ORDER

---

This matter is before the Court following the defendant's filing of a suggestion of bankruptcy on July 1, 2010 [Docket No. 131]. In the filing, defendant informs the Court that, on June 29, 2010, plaintiff Peter Arnold filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

Pursuant to 11 U.S.C. § 362 (2006), the filing of a bankruptcy petition automatically stays all pending judicial proceedings against the debtor. *See Mason v. Oklahoma Turnpike Authority,* 115 F.3d 1442, 1449 (10th Cir. 1997). Generally, the Bankruptcy Code's automatic stay provision does not apply to claims filed by the debtor. *See Martin-Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 578 (7th Cir. 1989). The present case involves both claims asserted by the debtor and counterclaims asserted against him. Therefore, it appears that the entire case should be stayed pending resolution of Mr. Arnold's bankruptcy petition.

On August 20, 2010, that Court issued a minute order [Docket No. 133] requiring the parties to apprise the Court of their positions on the effect of plaintiff's bankruptcy filing on this case and their positions on a course of action which would include administratively closing the case during the pendency of the stay.

On September 1, 2010, the parties, or their representatives, filed a response [Docket No. 134] to the Court's minute order. The parties indicated that they concur that the entire case should be stayed as a result of plaintiff's bankruptcy filing. However, the parties request that the Court temporarily refrain from administratively closing the case while they explore settlement. The parties explain that, in the event they are unable to reach a settlement before November 1, 2010, administrative closure would be acceptable. They do not explain their hesitation regarding administrative closure any further. In fact, because the case could be reopened at any time regardless of the outcome of the settlement negotiations, the Court sees no harm in administratively closing case in the interim.

Therefore, it is

**ORDERED** that, pursuant to D.C.COLO.LCivR 41.2 and in light of plaintiff's bankruptcy, this case is ADMINISTRATIVELY CLOSED. As a consequence, all deadlines and settings are VACATED and all pending motions are DENIED without prejudice. If and when the case is reopened, the parties have leave to re-file their motions. The case may be reopened by any party or the Court for good cause. It is further

**ORDERED** that the parties shall file, either jointly or separately, a status report within 30 days of any action that would serve to lift the automatic stay in force as a result of Mr. Arnold's bankruptcy proceeding. The status report should indicate what the action was, the purported impact, and how the party or parties intend to proceed in this case.

DATED September 13, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge